# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

April 29, 2008

Xiumin Liu
33A Alva Court
Edison, NJ 08817
*Pro-se Plaintiff*

Allan Urgent
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Attorney for Defendants*

    Re:   *Liu v. Chertoff, et al.*
           Civil Action No. 07-3452 (WJM)

Dear Litigants:

    This matter comes before the Court on Defendants' motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, **Defendants' motion** is **GRANTED**.

### BACKGROUND

    In essence, this case seeks to expedite the processing and adjudication of an I-485 Application to Register Permanent Resident or Adjustment Status. Plaintiff Xiumin Liu filed an I-485 Application with the United States Citizenship and Immigration Services ("USCIS") on or about July 21, 2004 in order to adjust her immigration status as a derivative beneficiary of her husband's employment-based Form I-140 Application. In support of her application, Plaintiff was fingerprinted on April 7, 2005. Plaintiff alleges that her husband's I-485 Application was approved on May 10, 2005. Plaintiff's I-485 Application, however, has not yet been adjudicated.

Since September 2004, Plaintiff has attempted to ascertain the status of her application on several occasions through a variety of means, such as contacting the USCIS, requesting information via the Freedom of Information Act, and seeking Congressional assistance from Congressman Frank Pallone, Jr. These attempts revealed that there was a delay in the progress of her application due to a pending background and name check by the Federal Bureau of Investigations ("FBI"). On March 7, 2007, USCIS informed Plaintiff that her case was being transferred to a Texas Service Center to speed up the processing of her application. Plaintiff has received no further information regarding the processing of her application.

Plaintiff filed this Complaint on July 25, 2007 seeking to compel Defendants to adjudicate her application for an adjustment of status. Plaintiff alleges that the unreasonable delay in the adjudication of her I-485 Application violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq*, and was additionally subject to mandamus and declaratory judgment relief. Defendants filed a motion to dismiss the Complaint for lack of subject matter jurisdiction. In support of their motion, Defendants filed affidavits from USCIS and FBI officials regarding the process for adjustment of status applications generally and the current status of Plaintiff's I-485 Application specifically. Plaintiff opposes their motion and argues that jurisdiction is proper under: (1) the mandamus statute, 28 U.S.C. § 1361; (2) the APA; and (3) the Declaratory Judgment Act, 28 U.S.C. § 2201. Defendants' motion is now before the Court.

## DISCUSSION

### A.    Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3) requires dismissal "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Furthermore, "[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (internal quotations omitted).

### B.    Analysis

Plaintiff's claims are similar to a number of cases in this district arising from the USCIS's delay in processing adjustment of status applications. *See*, *e.g.*, *Da Silva v. Gonzales*, No. 07-2278, 2008 WL 820163, at *3 (D.N.J. March 26, 2008)(citing numerous cases with similar claims within the district). Although the law in this area is

not entirely settled, the Court is persuaded by those cases which have found a lack of subject matter jurisdiction where: (1) an immigrant seeks to expedite adjudication of his or her application for an adjustment of status; (2) there is no statutorily prescribed time limitation or guidance in the pace of processing the application; and (3) the agency has set forth by way of affidavit satisfactory explanations for the delays in processing. *See Da Silva*, 2008 WL 820163, at *6; *Cholewinska v. Chertoff*, No. 07-518, 2008 U.S. Dist. LEXIS 13755, at *6 (D.N.J. Feb. 21, 2008); *Conigliaro v. Chertoff*, No. 07-1543, 2008 WL 2916511, at *3 (D.N.J. Jan. 9, 2008); *Liu v. Gonzales*, No. 07-1797, 2007 WL 2916511, at *4 (D.N.J. Oct. 5, 2007); *Tao v. Mueller*, No. 07-804, 2007 U.S. Dist. LEXIS 62530, at *8 (D.N.J. Aug. 23, 2007); *Qui v. Chertoff*, 486 F. Supp. 2d 412, 421 (D.N.J. 2007); *Ma v. Chertoff*, No. 06-6177, 2007 WL 1412276, at *2 (D.N.J. May 14, 2007); *Serrano v. Quarantillo*, No. 06-221, 2007 WL 1101434, at *2-3 (D.N.J. Apr. 9, 2007). *But see Xu v. Chertoff*, No. 07-366, 2007 WL 2033884, at *4 (D.N.J. July 17, 2007); *Liu v. Chertoff*, No. 07-366, 2007 U.S. Dist. LEXIS 50027, at *9 (D.N.J. July 11, 2007); *Pool v. Gonzales*, No. 07-258, 2007 WL 1613272, at *3 (D.N.J. June 1, 2007). Plaintiff's bases for subject matter jurisdiction is addressed in more specific detail below.

       *1.*     *Writ of Mandamus - 28 U.S.C. § 1361*

Section 1361 provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A plaintiff "seeking mandamus has the burden of showing that its right to issuance of the writ is clear and undisputable." *Will v. United States*, 289 U.S. 90, 96 (1967)(internal citations omitted). Furthermore, a plaintiff must allege that the duty owed to her or him is "a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Harmon Cove Condo Ass'n., Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987).

Plaintiff argues that the duty to adjudicate her I-485 Application within a reasonable time is a non-discretionary function. The Court disagrees. The Immigration and Nationality Act provides that: "The status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence" if certain requirements are met. 8 U.S.C. § 1255(a). There is no language in the statute that requires the Attorney General to process the applications within a certain time period. Thus, the permissive "may" in the statute commits that adjustment of an applicant's status, including the pace of the process, to the sound discretion of the Attorney General. *See Da Silva*, 2008 WL 820163,

at *3 (listing cases which have similarly concluded that the adjudication of the adjustment process by the Attorney General is discretionary).[1]

Although the Court is sensitive to Plaintiff's plight and the protracted nature of the now over 45-month processing of her adjustment of status application, mandamus relief is unavailable to Plaintiff as Plaintiff seeks to compel a discretionary function. Compelling speedy review, where the agency's cases are backlogged and the courts lack clear jurisdiction, would merely serve to "shuffle to the front of the line those I-485 applicants canny enough to file a complaint in a federal district court." *Qui*, 486 F. Supp. 2d at 420.

    2.    *The APA*

The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review." 5 U.S.C. § 702. Additionally, "final action for which there is no other adequate remedy in a court" is subject to judicial review. 5 U.S.C. § 704. Judicial review, however, is unavailable where: (1) "statutes preclude judicial review;" and (2) "agency action is committed to agency discretion by law." 5 U.S.C. §701(a).

Here, judicial review under the APA is unavailable to Plaintiff. As discussed above, the pace of processing an application for an adjustment of status is discretionary, thereby, removing the Court's jurisdiction to review the action under the APA. Furthermore, even if the Court were to conclude that the timeliness of adjudication were non-discretionary, which it does not, it would not find that Plaintiff met the requirements for review under the APA. Although the APA does permit courts to compel agency action that has been unreasonably delayed or unlawfully withheld, 5 U.S.C. § 706(1), the facts alleged before the Court cannot support a claim that USCIS's review of Plaintiff's application is being unreasonably delayed or unlawfully withheld. First, as Plaintiff's application is still pending, there can be no claim that agency action is being unlawfully

---

[1] This Court need not address whether mandamus relief would be appropriate in cases where it is clear that the USCIS will not or does not intend to adjudicate an adjustment of status application. Here, the facts before the Court indicate that the USCIS is processing an application which is delayed due to an ongoing, but administratively backlogged, security check. There is nothing to suggest that once the security check is completed, Plaintiff will not have her application for adjustment of status adjudicated in due course.

withheld.  Second, as there is no requirement of timeliness in the statute governing the processing of I-485 applications, there can be no claim for "unreasonable" delay.[2]

        3.    *The Declaratory Judgment Act, 28 U.S.C. § 2201*

The Declaratory Judgment Act states that in "a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  This Act confers upon federal courts the authority to render declaratory relief.  This Act, however, does not grant an independent basis for subject matter jurisdiction.  *See Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1218 n.2 (3d Cir. 1989).  Therefore, this Court cannot exercise subject matter jurisdiction, without another basis for subject matter jurisdiction, over the case under the Act.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is **GRANTED**.  An appropriate Order follows this Letter Opinion.


                s/William J. Martini

                **William J. Martini, U.S.D.J.**

---

[2] While a few district courts within the Third Circuit have held that the APA does not allow USCIS "unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely," this Court is not persuaded by these cases.  *Song v. Klapakas*, No. 06-5589, 2007 WL 1101283, at *10  (E.D. Pa. April 12, 2007)(citing other cases which have held that judicial review exists under the APA for untimely processing of immigration applications).  Defendants have submitted affidavits explaining the processing of I-485 applications and security checks as well as the compelling reasons for the processing delay.  Plaintiff has not alleged that she has been singled out for disparate treatment or that the delay in processing her application is at variance with similar applications submitted near the same date.  Therefore, the Court cannot conclude that the length of delay is unreasonable.